UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEE C. REEVES,<br><br>       Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,<br><br>       Respondents. | Civil Action No. 20-7482 (RK)<br><br><br>**MEMORANDUM & ORDER** |

      This matter has been opened to the Court by Petitioner's motions for discovery (ECF No. 20) and for reconsideration of the Court's September 27, 2024 Opinion and Order denying his habeas petition. (ECF No. 21.) For the reasons explained below, the Court denies the motion for discovery and administratively terminates the motion for reconsideration to permit Petitioner to supply the Court a copy of his supporting certification.

      The Court denied Petitioner's habeas Petition on September 27, 2024, and also denied a certificate of appealability. (ECF Nos. 18-19.) Petitioner filed a discovery motion, which is dated September 25, 2024, but was docketed on October 9, 2024, after the Court denied the Petition. (ECF No. 21.) In his discovery motion, Petitioner seeks the letter dated August 11, 2009, from Judge Daniels to all counsel about potential conflict in Indictment No. 09-01-109. (*See id.* at 1-2.) This letter is relevant to Petitioner's habeas claim in Ground Seven that his counsel provided ineffective assistance of counsel for failing to seek recusal of Judge Daniels for alleged bias. Petitioner notes that he submitted an Open Public Records Act ("OPRA") request regarding the letter, but Assistant Prosecutor Dina R. Khajezadeh denied the request on September 18, 2024,

stating that the prosecutor's office has been unable to locate the records. (ECF No. 20 at 2.) Petitioner seeks discovery under Rule 6A of the Rules Governing § 2254 Habeas Cases. (*Id.*)

Rule 6 of the Rules Governing § 2254 Cases states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." "A habeas petitioner may satisfy the 'good cause' standard by setting forth specific factual allegations which, if fully developed, would entitle him or her to the writ." *Han Tak Lee v. Glunt*, 667 F.3d 397, 404 (3d Cir. 2012) (citing *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011); *see also Harris v. Nelson*, 394 U.S. 286, 300 (1969).

Here, the Court denies Petitioner's request for discovery because the August 11, 2009 letter is part of the record of the instant proceedings and there is no basis to direct Respondents to produce the letter. Indeed, the August 11, 2009 letter is included in Volume IV of Petitioner's PCR Appellate Appendix. (*See* ECF No. 11-30 at 13-14.) Therefore, Petitioner has not shown good cause to engage in discovery, and the Court denies his discovery motion.

The Court next addresses Petitioner's motion for reconsideration. (ECF No. 21.) From the outset, Petitioner believes that he had only 10 days to file his motion for reconsideration and asks the Court to consider his motion as timely filed based on the date he received the Court's Opinion and Order denying his habeas Petition. (*See* ECF No. 21, Petitioner's Cert. at ¶ 26.) To the extent Petitioner seeks relief under Rule 59(e), his motion for reconsideration is timely. Although the allotted time to file a Rule 59(e) motion was previously ten days, the Rule was amended in 2009, and the deadline is currently twenty-eight days. *See* Fed. R. Civ. P. 59 (Advisory Committee Note for 2009 Amendments). Therefore, Petitioner's motion, which is dated October 16, 2024, and docketed on October 25, 2024, appears to be timely filed.

2

Nevertheless, pages three and five of Petitioner's Certification in support of his motion for reconsideration are missing,[1] and page five of Petitioner's Certification contains the legal and/or factual arguments supporting his motion. (*See* ECF No. 21, Petitioner's Cert. at 2-5.) For this reason, the Court directs the Clerk of the Court to administratively terminate Petitioner's motion for reconsideration (ECF No. 21) and provides Petitioner with 30 days to submit a complete copy of his Certification. If Petitioner fails to submit a complete copy of his Certification within 30 days, the Court will deny the motion for reconsideration.[2]

IT IS, on this 21 day of May 2025,

ORDERED that Petitioner's discovery motion (ECF No. 20) is DENIED for the reasons stated in this Memorandum & Order; and it is further

ORDERED that the Court defers deciding Petitioner's motion for reconsideration (ECF No. 21); the Clerk of the Court shall ADMINISTRATIVELY TERMINATE the motion pending at ECF No. 21 for docket management purposes only; and it is further

ORDERED that within 30 days, Petitioner shall submit a complete copy of his Certification; failure to do so within 30 days will result in the denial of Petitioner's motion for reconsideration; and it is further

---

[1] Page three of Petitioner's Certification is also missing, and this portion appears to relate to Petitioner's failure to submit a traverse. In his Certification, Petitioner contends that he submitted a request for an extension of time to submit his traverse. (ECF No. 21, Petitioner's Cert. at ¶ 11.) That request was docketed on September 30, 2021. (ECF No. 14.) The Court granted Petitioner's motion for an extension of time on October 1, 2021 and directed him to file his traverse by November 15, 2021. (ECF No. 15.) Petitioner did not file a traverse, however, and to the extent Petitioner claims he did submit a traverse that was not received by the Court, he has not attached a copy of that traverse to his motion for reconsideration.

[2] To be clear, the Court defers deciding Petitioner's motion for reconsideration, terminates the motion for docket management purposes only, and will reactivate and decide the motion when Petitioner resubmits a complete copy of his Certification or the time to do so expires.

3

**ORDERED** that the Court will reactivate and decide Petitioner's motion for reconsideration (ECF No. 21) once Petitioner resubmits a complete copy of his Certification or the time to do so expires; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum & Order to Petitioner by regular mail.

                                                ROBERT KIRSCH
                                                United States District Judge